*190 OPINION of the Court, by
Judge Logan.
The heirs of Stephen Henning, deceased, having sold their interest in their father’s estate to the appellant, and taken his bond for the principal part of the consideration % they assigned the Bond to the appellee, who had intermarried wi th the widow and administratrix of said Hen- *191 tiíng. Upon which bond Conner instituted suit against •the appellant and recovered judgment at law. To be v;elieved against the said judgment Rogers filed his bill of injunction, claiming as a setoff against it his purchase from the heirs. But Rogers had previously commenced a suit in chancery, as guardian for the said heirs, against the administrators for the amount of t&e estate, in which he obtained a decree for £* 48 lli. 8c/.
That suit and the papers therein are referred to in this and made a part thereof. Upon the finalhearing of this cause, the court below perpetuated the injunction for £. 48 lis. Sd. and dissolved it as to the balance. Rogers appealed to this court from both decrees.
Taking the sum of £. 48 11s. 8 d. as the amount justly due to the heirs of Henning from the administrators, and we think the opinion of the court would be right. But as this court has reversed that decree, and stated the principles upon which it conceives the administrators ought to account j which will, it is believed, produce a greater sum in favor of the heirs than that decreed them : we are therefore of opinion, by reference to the record in that case, that the decree of the circuit court in this, must also be reversed and the suit remanded.
We entertained some doubt of the strict propriety of considering the record in (he other case in forming an opinion in this, it not being copied into the record in this case, but refered to in the bill as a part thereof. We think however, a reference to any record in this court, and of the certainty of which the court can have no doubt, ought to bring it under the consideration of die court in forming an opinion on a subject materially connected therewith ; and of the identy of the record in this case as the one referred to we have no doubt. If this objection could not have buen gotten over, we would have had a transcript of the record brought up by cer-tiorari in order to have the ease fully and fairly before us.
Wherefore it ⅛ decreed and ordered, that the decree of the circuit court be reversed and set aside ; that the cause tie remanded to said court, to enter such decree •"herein as may be consistent with the foregoing «pinion apon the final decree between the parties in the other mitf &c»